UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

B & S EQUIPMENT CO., INC.                CIVIL ACTION

VERSUS                                    NO. 11-3144

CAHABA DISASTER RECOVERY, L.L.C.,        SECTION "C" (4)
ET AL

ORDER AND REASONS

This matter comes before the Court on motion to remand filed by the plaintiff, B and S Equipment Co., Inc. ("B&S"). Having considered the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

On November 16, 2011, the plaintiff filed this petition in state court against Cahaba Disaster Recovery, L.L.C. ("Cahaba"), DRC Emergency Services, L.L.C. ("DRC") and Safeco Insurance Company of America "(Safeco"), alleging claims for breach of contract, statutory penalties, unjust enrichment and suit on bond concerning debris removal in Plaquemines Parish. Specifically, B&S alleges that Plaquemines Parish contracted with DRC, which procured a surety bond from Safeco and subcontracted

with Cahaba relative to the work. Cahaba, in turn, entered into a subcontract with B&S in May 2007. The petition alleges that the work under that subcontract was substantially complete in April 2008, and Cahaba is wrongfully retaining $144,775.72 from B&S. On December 12, 2011, B&S amended the petition to allege a claim to enforce its lien under the Louisiana Public Works Act. Safeco removed the action to this Court on December 22, 2011, based on diversity. Cahaba and DRC consented to the removal. Rec. Doc. 1.

B&S filed its motion to remand on January 13, 2012, alleging that removal is not proper because Cahaba waived its right to remove in its subcontract with B&S. Rec. Doc. 14. That clause provides that "[t]he exclusive venue for any dispute or claim involving this contract shall be in Jefferson Parish, Louisiana.[1] Rec. Doc. 1-a at ¶ 6; 14-2 at 7. Safeco opposes remand based on the arguments that the two co-defendants did not waive their rights to remove, and that the plaintiff's dispute with Cahaba also involves a second contract dated March 24, 2008, in which the choice of forum clause is left incomplete. Rec. Doc. 15-3 at ¶ XIV. Cahaba bases its argument on the *Jefferson Parish Consolidated Garbage District No. 1 v. Waste Management of Louisiana, LLC*, 2010 WL 1731204 (E.D.La.), in which Judge Lemelle held that by joining claims under two

---

[1]Safeco does not challenge B&S's assertion that the forum selection clause in the 2007 subcontract between Cahaba and B&S is a "clear and unequivocal waiver" of the right to remove for purposes of *City of New Orleans v. Municipal Administrative Services, Inc.*, 376 F.3d 501, 504 (5th Cir. 2004).

agreements, one of which precluded removal, the plaintiff waived any "bar on removal" the plaintiff had; "[r]ather, when claims are combined in this manner, the entire case is removable." *Id.* at *3. Judge Lemelle relied heavily on *RK Dixon Co. v. Dealer Marketing Services, Inc.*, 284 F.Supp.2d 1204 (S.D.Iowa 2003), in which the district court decided against remand in order to "to keep the entire action and disregard the forum selection clause contained in one of the agreements," in part because of the court's inability to partially remand a diversity action.[2] Safeco also cites *McMahan Jets LLC v. X-Air Flight Support, LLC*, 2011 WL 39810 (S.D.Miss.), in which the district court found remand to be inappropriate because of an amendment to the forum selection clause. *Id.* at *3. In reply, B&S provides caselaw in which one defendant's waiver of the right to remove prohibits the remaining defendants from removal. Rec. Doc. 17.

Unless otherwise provided by statute, the right to remove is a unanimous one under the general removal statute, 28 U.S.C. § 1441. "[W[hen a civil action has multiple defendants, as is the case here, then all defendants must act collectively to remove that case. ... This requirement has been named the 'unanimity of consent rule.'" *Ortiz v. Young*, 2011 WL 2555720 (5th Cir. ) at (citations omitted). "There are three ways in which a party may clearly and unequivocally waive its removal rights: '[1] by explicitly stating

---

[2]It appears from this Court's reading of the *Dixon* case that the specific decision to ignore the forum selection clause was not based on any specific precedent or statute.

that it is doing so, [2] by allowing the other party the right to choose venue, or [3] by establishing an exclusive venue within the contract.'" *Ensco International, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 443-44 (5th Cir. 2009), quoting *New Orleans*, 376 F.3d at 504.

In rejecting a request to adopt a rule "to exclude the consent of a party who would not be entitled to remove if it were the sole defendant," Judge Wisdom affirmed that the general removal statute requires the consent of co-defendants. *Doe v. Kerwood*, 969 F.2d 165, 168 (5th Cir. 1992). "Because ... most of the named Defendants in this case could not legally consent to removal because they waived that right under the [contracts], none of the Defendants, whether parties to the contract or not, can properly remove to this Court." *Amerisource Funding, Inc.*, 2009 WL 6472946 (S.D. Tex.) at *3.

In holding that the forum selection clause contractually prevents Cahaba from consenting to removal and therefore undermines the required unanimity of consent to remove, the Court adopts the reasoning of *Insight Holding Group, LLC v. Sitnasuak Native Corp.*, 685 F.Supp.2d 582 (E.D. Va. 2010). "Nor is the result any different merely because this case also includes two additional claims against a defendant who is not a party to the agreements containing the forum selection clauses." *Id.* at 589. "This does not end the analysis, as yet to be addressed is the novel, central question presented, namely

4

whether the mandatory forum selection clause also operate as a waiver of [co-defendants] statutory removal right." *Id.* "The rational for finding waiver of removal rights in these circumstances is as compelling as it is apparent." *Id.* at 590.

> Removal is a right that, like most statutory rights, can be waived. And unless waiver is found in mandatory forum selection clauses ... the clauses are rendered nugatory. This cannot be the parties' intent in agreeing to a mandatory forum selection clause. To the contrary, it is clear that by selecting a state forum for litigating any contractual disputes, the parties [Cahaba] intended to waive their right to remove the action from that forum.

*Id.* "It follows, then, that this entire case must be remanded ..." *Id.* "Contrary to defendants' suggestion, doing so does not 'require a defendant that was not a party to a forum selection clause to be bound by such clause.' Remand is not required because [co-defendant] is somehow bound by a forum selection clause to which it did not agree. Rather, remand is necessary because the forum selection clause contractually prevents [Cahaba] from validly consenting to removal of this case." *Id.* "Thus, because *all* defendants cannot consent to removal, the firmly established unanimity requirement for removal is not met." *Id.* at 590.

In addition, the Court is not persuaded by Safeco's argument that a second subcontract signed in 2008 just prior to completion of the work subject to the first 2007 contract precludes removal because the second contract contained a blank forum

selection clause. There is no dispute that the petition references only the 2007 contract and, in any event, there is no dispute at least some, if not most, of the plaintiff's claims against Cahaba involve the 2007 subcontract, with the unchallenged forum selection clause, even if the 2008 subcontract is also implicated in damage calculations.

Finally, the Court is mindful of "the propositions that removal statutes generally will be strictly construed, and that all doubts should be resolved against removal." C. Wright, A. Miller, E. Cooper & J. Steinman, 14B *Federal Practice & Procedure: Civil*, §3721 (West). The Court finds this strict construction is appropriate here.

Accordingly,

IT IS ORDERED that the motion to remand filed by the plaintiff B and S Equipment Co., Inc. is GRANTED. Rec. Doc. 14. This matter is remanded to 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.[3]

New Orleans, Louisiana, this 16th day of April, 2012.

HELEN G. BERRIGAN
UNITED STATES DISTRICT COURT

---

[3] The Court does not address the merits of the motion to dismiss filed by DRC. Rec. Doc. 6.